UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VITO GALLICCHIO,

                          Plaintiff,

-against-

J. JAMISON; A. LINLEY; J. VANDERHEY-WRIGHT; J. KNIBB; B. WALLS,

                          Defendants.

24-CV-8135 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at the Federal Correctional Institution, Allenwood, Pennsylvania, brings this action alleging that Defendants violated his federal constitutional rights when he was incarcerated at the Federal Correctional Institution, Otisville, New York ("FCI Otisville").[1] By order dated November 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] (Doc. 12).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66,

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. *See Gallicchio v. Jamison*, No. 24-CV-4301 (E.D.N.Y. Oct. 25, 2024). By order dated October 25, 2024, the Eastern District transferred this action to this court. (Doc. 4.).

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A. **Claims against Jamison and Linley**

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]." (internal quotation marks and citation omitted))); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*). To bring a claim under *Bivens*, a plaintiff must allege that "the individual defendant was personally involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citations omitted). A defendant may not be held liable under *Bivens* solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, to hold a state official liable under *Bivens*, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendant Jamison and Linley were personally involved in the events underlying his claims. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead his *Bivens* claims against Jamison and Linley in an amended complaint alleging facts demonstrating that they were personally involved in the events giving rise to his claims.

**B.      Federal Tort Claims Act**

The Court liberally construes the complaint as also attempting to assert tort claims against the defendant federal employees. Federal employees, however, are immune from common law tort claims. *See* 28 U.S.C. § 2679(b)(1); *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991) (Section 2679 "provides government employees with immunity against claims of common-law tort"). The Federal Tort Claims Act ("FTCA") provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-00855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

Before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and cannot be waived. See *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Such an administrative claim must be in writing and filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may challenge the Government's final administrative denial of his FTCA claim in a federal district court by filing an action within six months after the date of the mailing of the notice of final administrative denial by the federal entity. *See* § 2401(b). If no written final administrative determination is made by the appropriate federal entity within six months of the date of the

claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* 28 U.S.C. § 2675(a).

To the extent that Plaintiff seeks to assert claims for damages under the FTCA against the United States of America, the claim cannot go forward because he has not alleged any facts demonstrating that he filed an administrative claim with a federal governmental entity (the Federal Bureau of Prisons ("BOP")) for damages. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead his claims in an amended complaint naming the United States as a defendant and alleging facts showing that he has exhausted his administrative remedies with the BOP.

**C.     Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants J. Vanderhey-Wright, J. Knibb (or Knibbs),[4] and B. Walls through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 form

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

[4] Plaintiff spells this defendant's name as "Knibb" in the caption of the complaint, but he refers to him as "Knibbs" in the body of the complaint.

labeled "Check for service on U.S.A."; (2) issue summonses for each defendant; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's federal constitutional claims against Jamison and Linley for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court also grants Plaintiff 30 days' leave to replead a FTCA claim against the United States.

The Clerk of Court is directed to issue summonses for Defendants Defendants J. Vanderhey-Wright, J. Knibb (or Knibbs), and B. Walls, complete the USM-285 form with the address for each defendant, mark the box on the USM-285 form labeled "Check for service on U.S.A.," and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:
    White Plains, New York
    November 25, 2024

                                                  PHILIP M. HALPERN
                                                  United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. J. Knibb (or Knibbs), EMT
   FCI Otisville
   PO Box 600
   Otisville, NY 10963

2. J. Vanderhey-Wright, PA
   FCI Otisville
   PO Box 600
   Otisville, NY 10963

3. B. Walls, HSA
   FCI Otisville
   PO Box 600
   Otisville, NY 10963

4. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530