IN THE
FOR

VITO GALLICCHIO,
    Plaintiff

v.

J. JAMISON, et al
    Defendants



Plaintiff's motion for entry of a default judgment (Doc. 28) is denied for, *inter alia*, failure to comply with Rule 4(B) of the Court's Individual Practices and in light of the Court's May 28, 2025 Order (Doc. 26) extending the Federal Defendants' time to answer or move with respect to the Complaint to July 22, 2025.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
       June 6, 2025

Now comes the Plaintiff, Vito Gallicchio, pro se, and hereby moves this Honorable Court for entry of default judgment against the Defendants. In support of this motion, the Plaintiff states the following:

## I. FACTUAL BACKGROUND

The Plaintiff filed the Complaint in this matter on June 13, 2024. On November 22, 2024 this Court granted the Plaintiff to proceed in forma pauperis.

On November 25, 2024, this Court ordered that the remaining Defendants be served by the U.S. Marshal Service, and the Summons in this matter were issued on December 29, 2024. The Marshal's filed their return of process in January 2025. See ECF Nos. 16 & 17.

The Defendants have not filed an Answer or otherwise filed any other pleading in this matter.

## II. ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment. First, when a defendant "has failed to plead or

otherwise defend," the Clerk of the Court enters the defendant's default. Fed. R. Civ. P. 55(b)(2). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." GuideOne Specialty Mut. Ins. Co. v. Rock Cnty. Church, Inc., 696 F.Supp.2d 203, 208 (E.D.N.Y. 2010). The plaintiff must demonstrates proper service of the summons and complaint. See, Advanced Capital Commer. Group, Inc. v. Suarez, 2013 U.S. Dist. LEXIS 134938, 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). Here, the record demonstrates proper service of the summons and complaint.

The court must determine whether Plainitffs' "allegations establish [the defendant's] liability as a matter of law." Finkel, 577 F.3d at 84. "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In considering a motion for default judgment, a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor." Finkel v. Romanonicz, 577 F.3d 79, 84 (2d Cir. 2009).

A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established..." Klideris v. Trattoria El Greco, 2011 U.S. Dist. LEXIS 152993, 2011 WL 7114003, at *2 (E.D.N.Y. 2011). As the Defendants have failed to "plead or otherwise defend" in this matter, the Plaintiff respectfully requests that the Court enter a default against the Defendants. Additionally, the Plaintiff respectfully requests that the Court enter default judgment against the remaining defendants.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that the Court grant this motion for default judgment against the Defendants.

Respectfully Submitted,

*/s/ Vito Gallicchio*

Vito Gallicchio
Reg. No. 91182-054
FCI Danbury
33½ Pembroke Road
Danbury, CT 06811

## CERTIFICATE OF SERVICE

I, Vito Gallicchio, hereby certify that I mailed a copy of this document to the U.S. Attorney's Office, 1 Saint Andrews Plaza, New York, NY 10007 on May 27, 2025 from the FCI Danbury facility.

*/s/ Vito Gallicchio*

Vito Gallicchio



WESTCHESTER NY 105
29 MAY 2025 PM 4 L

Pro Se

UNITED STATES DISTRICT COURT
CLERK'S OFFICE
500 PEARL STREET
NEW YORK, NY 10007

RECEIVED
JUN 3 - 2025
CLERK'S OFFICE
SDNY

USM SDNY

10007-131593

FCI Danbury
Vito Gallicchio #91182-054
33½ Pembroke Road
Danbury, CT 06811

RECEIVED
JUN 04 2025
PRO SE OFFICE